For meaning of Abreviations, See Ternary Digest, page XII.

### No. 1053

### FIDELITY & CASUALTY CO. v. DONNELLY CO.

#### No. 20162.   Supreme Court

On motion to certify.  Dock. Nov. 6, 1926, 4 Abs. 759.

1139.  SURETY BONDS—Is surety on appeal bond liable on condition that judgment be adjudged against appellants on the appeal, when the appeal was dismissed on motion of appellee?

The W. J. Donnelly Co. recovered a judgment in the Lorain Municipal Court against Goldberg et al for $1,000, on July 24, 1922.  On Aug. 3, 1922, Goldberg et al. undertook to appeal the case to the Lorain Common Pleas and executed a bond with the Fidelity & Casualty Co. as surety, the conditions being that if judgment be adjudged against the appellants, or either of them, on appeal, the Fidelity Co. will satisfy such judgment and costs; and also that said appellants will prosecute their appeal to effect without unnecessary delay.  This appeal was dismissed on motion of the Donnelly Co. for the reason that the Common Pleas Court had no jurisdiction.

In this case, the Common Pleas sustained a demurrer of the Fidelity Co. to the petition of the Donnelly Co. on the ground that it stated no cause of action.  The Court of Appeals reversed the judgment of the Common Pleas Court and the case was taken to the Supreme Court on motion to certify.

The Casualty Co. claims that there has been no breach of its bond and that therefore it is under no obligation to the Donnelly Co.  One condition of the bond was that the appellants would prosecute the appeal to effect and without unnecessary delay.  It is claimed that there was no unnecessary delay or failure to prosecute on behalf of the appellants, so that there was no breach of this condition of the bond. The other condition of the bond was that the appellants, if judgment be adjudged against them "on the appeal," would satisfy such judgment.  It is claimed that no judgment was rendered against the appellant on appeal, but that the appeal was merely dismissed; and that therefore there was no breach of this condition of the bond and there could be no liability of the Casualty Co.  It is further contended that since no liability existed against the appellants, there was no obligation against the Casualty Co.

It is further claimed that the liability of a guarantor or surety cannot be extended by implication or otherwise; that the case must be brought strictly within the terms of the guarantee, or the guarantor will not be liable.

Attorneys—Howell, Roberts & Duncan, Cleveland, for Casualty Co.; G. A. Resek, Lorain, for Donnelly Co.